UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOES,
   Plaintiffs,

               No. 1:09-cv-1018

-v-

               HONORABLE PAUL L. MALONEY

R&B OF MUSKEGON, INC. ET AL.,
   Defendants.

ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER
and
NOTICE OF HEARING ON MOTION FOR PRELIMINARY INJUNCTION

  Plaintiffs, exotic dancers who work for Defendants, filed a complaint alleging violations of their rights under federal and state laws. Plaintiff allege violations of the Fair Labor Standards Act and Michigan's Minimum Wage Law, as well as several torts. Plaintiffs seek designation as a class. Along with their complaint, Plaintiffs filed an ex parte motion for a temporary restraining order (TRO) and a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. (Mot. ¶ 6.)

  To obtain a TRO, a plaintiff must show specific facts in a verified complaint that clearly demonstrate an immediate or irreparable injury will result to the plaintiff before the adverse parties may be heard in opposition. FED. R. CIV. P. 65(b)(1)(A). When considering whether to issue a TRO, this Court considers (1) whether Plaintiffs have shown a substantial likelihood it will prevail on the merits of its claim, (2) whether there is a threat of irreparable harm to Plaintiffs if the TRO does not issue, (3) whether issuance of a TRO will substantially harm others, and (4) whether issuance of the TRO is in the public interest. *Essroc Cement Corp. v. CPRIN, Inc.*, 593 F.Supp.2d 962, 967 (W.D. Mich. 2008) (Maloney, C.J.). "Ex parte temporary restraining orders are not doubt necessary in

certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (citation omitted).

As explained in the motion, Plaintiffs collect money from customers and then tender the money to Defendant's representatives prior to performing nude dances. Defendant removes $5.00 for each dance performed from the total money tendered by Plaintiffs. At the end of the shift, Plaintiffs receive an envelope of money, minus Defendant's fee. Defendant assures Plaintiffs tender all money to it by enforcing a rule that all money will be confiscated for any rule violations. Defendant removes money from the amount tendered by Plaintiffs for alleged rule violations. No recording system exists to account for the amount of money tendered by Plaintiffs or to account for the amount of money removed by Defendant.

Plaintiffs seek a temporary restraining order on the belief that Defendant may retaliate against them for filing this suit. Plaintiffs assert there exists a likelihood that Defendant will confiscate money from them. Plaintiffs seek an order that either (1) Defendant refrains from withholding dance monies or (2) prepare and tender to each dancer a written record as to the total amount of each money being tendered, the amount retained by Defendant and the amount allocated to the dancer.

Plaintiffs are not entitled to a temporary restraining order. Although Plaintiffs repeatedly insist otherwise, the requested injunction does not preserve the status quo. It instead imposes accounting measures on the parties. Plaintiffs have not demonstrated a substantial likelihood that Defendant will violate the anti-retaliation provision of the Fair Labor Standards Act. The fact that the current accounting system leaves open the possibility that money will be confiscated does not

mean that retaliation is likely, only that it is possible. Plaintiffs' alleged injury is purely monetary and is capable of calculation. The court notes that nothing prevents either party from keeping track of the money collected, turned in, and returned. Ordinarily, the potential for monetary damages does not constitute irreparable harm for the purpose of issuing a temporary restraining order. *See Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930-931 (6th Cir. 2002). Plaintiffs' speculation that Defendant may simply confiscate all the money is just that, mere speculation. For the same reason, Plaintiffs have also not established any basis for their assertion that other dancers would be deterred from joining the suit. Even if the other two factors weigh in Plaintiffs' favor, the TRO is not justified ex parte. Any risk of these alleged harms may be considered and resolved at a hearing on Plaintiffs' request for a preliminary injunction.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiffs' ex parte motion for a temporary restraining order is **DENIED.**

2. Plaintiffs shall personally serve a copy of the complaint, the motion, and this order on Defendants. Plaintiffs shall file proof of service of same.

3. Defendant shall file a response to Plaintiffs' request for a preliminary injunction by 12:00 p.m., noon, by Monday, November 16, 2009.

4. A hearing is scheduled for Plaintiffs' request for a preliminary injunction on Thursday, November 19, 2009 at 2:30 p.m., 174 Federal Building, Kalamazoo, Michigan.

Date:  November 6, 2009           /s/ Paul L. Maloney  
                                  Paul L. Maloney  
                                  Chief, United States District Judge